UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUBERT FONT, : | |
| : | |
| Plaintiff : | No. 4:CV-05-1226 |
| : | |
| vs. : | (Complaint Filed 06/20/05) |
| : | |
| : | (Judge Muir) |
| LUZERNE COUNTY, et al., : | |
| : | |
| Defendants : | |

**ORDER**

July 12, 2005

**BACKGROUND**

On June 20, 2005, plaintiff, an inmate presently confined in the State Correctional Institution, Albion, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He complains of incidents which occurred at his former place of confinement, the Luzerne County Prison. The only named defendants are Luzerne County, Pennsylvania and the Warden of the Luzerne County Prison. Along with his complaint, plaintiff submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid

(at least in a non-habeas suit).  Also, a new section was added which relates to screening complaints in prisoner actions.[1]

The complaint will now be reviewed pursuant to the screening provisions of the Act.  For the reasons set forth below, the instant complaint will be dismissed, without prejudice, as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i).

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke vs. Williams, 490 U.S. 319, 327-28 (1989); Wilson vs. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[2]  "The frivolousness determination

---

1. Section 1915(e)(2) provides:
   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2. Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit."  Roman vs. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss vs. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).  Clearly baseless factual contentions describe scenarios "clearly removed from reality."  Id.

is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton vs. Hernandez, 504 U.S. 25, 33 (1992).

Plaintiff alleges that upon his initial commitment to the Luzerne County Prison, on June 20, 2003, he had severe injuries which he incurred during his arrest. He states that defendants were deliberately indifferent to his serious medical needs "in that although the defendants contracted physician diagnosed 'nerve damage' plaintiff was not given any treatment for it and now as a result of defendants' failure to provide treatment, the nerve damage is permanent and plaintiff is in constant pain from it." Plaintiff contends that defendant's "medical staff failed to diagnose a severe concussion and seizure disorder that were present as a result of his injuries incurred during arrest and that their failure to diagnose and treat the serious needs do constitute deliberate indifference." (Doc. No. 1, complaint).

Plaintiff further alleges that "defendants by and through their corrections staff violated plaintiff's 8th Amendment rights by their failure to protect plaintiff from harm by other inmates." Specifically, plaintiff state that he was "placed in a cage-type cell and was subject to being scalded by hot water and coffee thrown at him by other inmates, who repeatedly

3

threatened plaintiff's life." Plaintiff allegedly reported this to corrections staff by no action was taken to protect plaintiff from further harm. Plaintiff states that "due to the fact that [his] underlying criminal charge was a sex offense, by placing plaintiff in general prison population, they were putting plaintiff at great risk to be assaulted by other inmates which is commonplace in the prison system." (Doc. No. 1, complaint).

Plaintiff files the instant action in which he contends that "the 8th Amendment guarantees his right to be protected from assault by other inmates and that while his injuries from the assaults were not permanent physically the emotional damage remains." Thus, plaintiff seeks compensatory and punitive damages.

**Discussion**

A plaintiff, in order to state a viable § 1983 claim, must allege that the conduct complained of was committed by a person acting under color of state law and that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or by laws of the United States. E.g., Cohen vs. City of Philadelphia, 736 F.2d 81, 83 (3d Cir.), cert. denied, 469 U.S. 1019 (1984). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983

4

liability to attach. Martinez vs. California, 444 U.S. 277, 285 (1980).[3] A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. See Monell vs. Department of Social Serv. of the City of N.Y., 436 U.S. 658, 694-95 (1978); Gay vs. Petsock, 917 F.2d 768, 771 (3d Cir. 1990); Rode vs. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  Plaintiff must allege that each named defendant was personally involved in the events or occurrences that underlie the claim.  See Atkinson vs. Taylor, 316 F.3d 257 (3d Cir. 2003), (citations omitted). Liability may not be imposed under Section 1983 on the principle of respondeat superior. Capone vs. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton vs. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). Rather, "supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." Id. at 106 n.7.

To establish an Eighth Amendment claim under § 1983, the plaintiff must show that the prison official acted with

---

3. The Martinez court explained: "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler vs. Pachtman, 424 U.S. 409, 417 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute."  Id.

"deliberate indifference" to a substantial risk of serious harm. Farmer vs. Brennan, 511 U.S. 825, 827 (1994) (citing Helling vs. McKinney, 509 U.S. 25 (1993); Wilson vs. Seiter, 501 U.S. 294 (1991); Estelle vs. Gamble, 429 U.S. 97 (1976)). In other words, the official must know of and disregard an excessive risk to inmate health or safety. Natale vs. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003); Farmer, 511 U.S. at 837. This standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment. . . which remains a question of sound professional judgment.'" Little vs. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa. 1996) (quoting Inmates of Allegheny County Jail vs. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).

Further, a complaint that a physician or a medical department was "negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106. More than a decade ago, the Third Circuit held that "[w]hile the distinction between deliberate indifference and malpractice can be subtle, it is well established that as long as a physician exercises professional judgment his behavior will not violate a

6

prisoner's constitutional rights." Brown vs. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990); see also Estelle, 429 U.S. at 107 (finding that a medical decision that certain tests, or like measures, are unnecessary, does not represent cruel and unusual punishment. At most it is medical malpractice).

When an inmate is provided with medical care and the dispute is over the adequacy of that care, no Eighth Amendment claim exists. White vs. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990). A mere difference of opinion between the inmate and the prison's medical staff regarding the diagnosis or treatment that the inmate receives does not support a claim of cruel and unusual punishment. See McFadden vs. Lehman, 968 F. Supp. 1001 (M.D. Pa. 1997); Young vs. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992). Additionally, a non-physician defendant cannot be considered deliberately indifferent for failing to respond to an inmate's medical complaints when the inmate is already receiving treatment from the prison's medical staff. See Durmer vs. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). The key question is whether the defendant has provided the plaintiff with some type of treatment, despite whether it is what the plaintiff wants. Farmer vs. Carlson, 685 F. Supp. 1335, 1339 (M.D. pa. 1988).

The plaintiff fails to allege that the Warden of the Luzerne County Prison was personally involved in his medical treatment. Neither has he alleged that the Warden had knowledge of the prison medical staff's treatment for him. Rather, plaintiff premises the Warden's liability solely on the theory of respondeat superior. In fact, plaintiff specifically avers that the warden "supervises and directs the policy of staff at Luzerne County Prison." (Doc. No. 1, p. 2). As discussed above, liability under § 1983 cannot be based on respondeat superior. Capone, 868 F.2d at 106. Moreover, a claim of deliberate indifference to the plaintiff's medical needs cannot lie against the Warden, a non-physician, because the plaintiff alleges that he was under the care of a prison physician. Durmer, 991 F.2d at 69.

With respect to defendant, Luzerne County, although it is recognized that the plaintiff is not held to a "heightened" standard of pleading in his claim against the municipality, Leatherman vs. Tarrant County, 507 U.S. 163 (1993); Verney vs. Pennsylvania Turnpike Commission, 881 F. Supp. 145 (M.D. Pa. 1995), the plaintiff's complaint fails to set forth any allegations whatsoever that Luzerne County undertook any act pursuant to an official municipal policy of some nature which caused a Constitutional tort. See Monell vs. Department of

8

Social Servs., 436 U.S. 658, 690-91 (1978); see also Board of County Comm'rs of Bryan County, OK vs. Brown, 520 U.S. 397, 117 S. Ct. 1382, 1388-89 (1997); Roman vs. Jeffes, 904 F.2d 192, 196-97 (3d Cir. 1990); Illiano vs. Clay Township, 892 F. Supp. 117, 121 (E.D. Pa. 1995).

Moreover, it has been repeatedly held that a municipality may not be subjected to § 1983 liability on a theory of respondeat superior. Bryan County, 117 S. Ct. at 1388; City of Canton vs. Harris, 489 U.S. 378, 392 (1989); City of St. Louis vs. Praprotnik, 485 U.S. 112, 121-22 (1988); Pembaur vs. Cincinnati, 475 U.S. 469, 478-79 (1986); Oklahoma City vs. Tuttle, 471 U.S. 808, 818, reh'g denied, 473 U.S. 925 (1985); Monell, 436 U.S. at 691; Beck vs. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996), cert. denied, 519 U.S. 1151, 117 S. Ct. 1086 (1997); Andrews vs. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).

A review of the complaint reveals that plaintiff has not alleged that anyone in the Luzerne County government ever promulgated a policy of indifference to his constitutional rights, and he has not alleged that county officials ever violated the rights of anyone but himself. See St. Louis vs. Praprotnik, 485 U.S. 112, 128 (1988). Therefore, the claims against Luzerne County will be dismissed as legally frivolous.

9

Finally, with respect to plaintiff's claim that the defendants failed to protect him from assault by other inmates, Section 803(d) of the Prisoner Litigation Reform Act, codified at 42 U.S.C. §1997e(e), predicates a prisoner's claim for mental or emotional injury, suffered while in custody, on a showing of accompanying physical injury.  Under § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  The "physical injury" requirement of § 1997e(e) may be satisfied by a "less-than-significant-but-more-than-*de minimis* physical injury as a predicate to allegations of emotional injury."  Mitchell vs. Horn, 318 F.3d 523, 534 (3d Cir. 2003).  While it may be that the plaintiff was "put at great risk," he does not allege that he suffered a physical injury from the alleged lack of care by the defendants to his claims of mistreatment by other inmates, not even a *de minimis* physical injury.  Thus, the Court finds that § 1997e(e) precludes plaintiff from recovering for his emotional and mental injuries.

**IT IS HEREBY ORDERED THAT:**

    1.    The motion to proceed <u>in forma pauperis</u> (Doc. No. 2) is construed as a motion to proceed without

>       full prepayment of fees and costs and the motion is **GRANTED**.
>
> 2.    The complaint is **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).
>
> 3.    The Clerk of Court shall **CLOSE** this case.
>
> 4.    Any appeal from this order will be deemed frivolous, not taken in good faith and lacking probable cause.

                          s/Malcolm Muir

                          MUIR
                          United States District Judge