UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
HUBERT FONT,                        :
                                    :
        Plaintiff                   :    No. 4:CV-05-1226
                                    :
    vs.                             :    (Complaint Filed 06/20/05)
                                    :
                                    :    (Judge Muir)
LUZERNE COUNTY, et al.,             :
                                    :
        Defendants                  :
```

**ORDER**

August 11, 2005

**BACKGROUND**

On June 20, 2005, plaintiff, an inmate presently confined in the State Correctional Institution, Albion, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He complains of incidents which occurred at his former place of confinement, the Luzerne County Prison. The only named defendants are Luzerne County, Pennsylvania and the Warden of the Luzerne County Prison. Along with his complaint, plaintiff submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. By Order dated July 12, 2005, plaintiff's complaint was dismissed, without prejudice, as frivolous. (Doc. No. 7). On July 21, 2005, plaintiff filed a motion for reconsideration of this Court's July 12, 2005 Order.

(Doc. No. 8). For the reasons set forth below, the motion will be granted.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. vs. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. vs. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café vs. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. vs. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the

2

Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach vs. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), quoting Above the Belt, Inc. vs. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale vs. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Casualty Co. vs. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff alleges that upon his initial commitment to the Luzerne County Prison, on June 20, 2003, he had severe injuries which he incurred during his arrest.  He states that defendants were deliberately indifferent to his serious medical needs "in that although the defendants contracted physician diagnosed 'nerve damage' plaintiff was not given any treatment for it and now as a result of defendants' failure to provide treatment, the nerve damage is permanent and plaintiff is in constant pain from it."  Plaintiff contends that defendant's "medical staff failed

to diagnose a severe concussion and seizure disorder that were present as a result of his injuries incurred during arrest and that their failure to diagnose and treat the serious needs do constitute deliberate indifference." (Doc. No. 1, complaint).

Plaintiff further alleges that "defendants by and through their corrections staff violated plaintiff's 8th Amendment rights by their failure to protect plaintiff from harm by other inmates." Specifically, plaintiff states that he was "placed in a cage-type cell and was subject to being scalded by hot water and coffee thrown at him by other inmates, who repeatedly threatened plaintiff's life." Plaintiff allegedly reported this to corrections staff by no action was taken to protect plaintiff from further harm. Plaintiff states that "due to the fact that [his] underlying criminal charge was a sex offense, by placing plaintiff in general prison population, they were putting plaintiff at great risk to be assaulted by other inmates which is commonplace in the prison system." (Doc. No. 1, complaint).

Plaintiff filed the instant action in which he contends that "the 8th Amendment guarantees his right to be protected from assault by other inmates and that while his injuries from the assaults were not permanent physically the emotional damage remains." Thus, plaintiff seeks compensatory and punitive damages.

4

By Order dated July 12, 2005, plaintiff's complaint was screened pursuant to Section 1915,[1] of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) Doc. No. 7).  Plaintiff's motion to proceed in forma pauperis was construed as a motion to proceed without full prepayment of fees and costs and the motion was granted.  Id. Finding that plaintiff's complaint failed to properly aver any personal involvement by any of the named defendants in the complaint, the Court dismissed plaintiff's complaint, without prejudice, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Id.

In his motion for reconsideration, plaintiff states that "he could not at the time of filing, name the individual corrections officers and medical personnel by name", but believes that he "should be given the chance to amend [his complaint] and add the additional defendants."  (Doc. No. 8).  Thus, it appears that the plaintiff in an amended complaint could name and describe the defendants' personal involvement in the alleged misdeeds,

---

1.  Section 1915(e)(2) provides:
    (2) Notwithstanding any filing fee, or any portion
    thereof, that may have been paid, the court shall dismiss
    the case at any time if the court determines that (A) the
    allegation of poverty is untrue; or (B) the action or
    appeal (i) is frivolous or malicious; (ii) fails to state
    a claim on which relief may be granted; or (iii) seeks
    monetary relief against a defendant who is immune from
    such relief.

and an amended complaint may be filed once as of right before an answer is filed.  See Fed. R. Civ. P. 15.   It is necessary and important to allow the plaintiff to amend his complaint so that the issues raised in this litigation may be decided fully on their merits.  <u>See</u> Weaver vs. Wilcox, 650 F.2d 22, 27-28 (3d Cir. 1981); Kauffman vs. Moss, 420 F.2d 1270, 1275-76 (3d Cir.), cert. denied, 400 U.S. 846 (1970).  The plaintiff's claims may be amended under penalty of dismissal.  If no proper amended complaint is filed within the prescribed time, this action may be dismissed.

   The amended complaint "must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young vs. Keohane, 809 F. Supp. 1185, 1198.  Federal Rule of Civil Procedure 8(a) requires that a complaint consist of a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) one or more claims showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.  The short, plain, and concise statement of claim must " 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' "  Leatherman vs. Tarrant County Narcotics Unit, 113 S.Ct. 1160, 1163 (1993) (quoting Conley vs. Gibson, 355 U.S. 41, 47 (1957)).

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for reconsideration (Doc. No The . 8) is GRANTED.

2. The Clerk of Court is directed to REOPEN the plaintiff's case.

3. Plaintiff is GRANTED leave to amend his complaint, as specified in the foregoing Order, within thirty (30) days of the date of this Order.

4. Failure to file such amendment will result in the dismissal of plaintiff's action.


                                        s/Malcolm Muir

                                        MUIR
                                        United States District Judge